UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: _____

WILLIAM K. BEEKER,

   Plaintiff,

vs.

CITY OF MIAMI BEACH,

   Defendant.
_____/

**Complaint — Jury Trial Demanded**

Plaintiff, William K. Beeker, sues defendant, City of Miami Beach, and shows:

**Introduction**

1.    This is an age-, race- and national-origin discrimination action brought by William Beeker, a 56-year-old white non-Hispanic police officer whom the City of Miami Beach suspended after, unbeknownst to him, a video was made of him walking by scantily clad women on the steps of the police station and was later posted on Instagram.  Meanwhile, photographs of younger black and Hispanic officers in the company of scantily clad women have been posted by the City's police department's public information officer to give the impression that the department engages in community-based policing and is friendly towards beach-goers.  Officer Beeker sues pursuant

to the Age Discrimination in Employment Action, 29 U.S.C. § 621, et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), for damages and equitable relief, reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

2. The court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear plaintiff's state law claims under the FCRA.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there and defendant is subject to personal jurisdiction there.

## Parties

4. Plaintiff, William Beeker, at all times material was employed by the City of Miami Beach as a police officer, and as such, was an "employee" or "aggrieved person" under the ADEA, Title VII and the FCRA. He is protected by:

  a. the ADEA and the FCRA because of his age (56), and

  b. Title VII and the FCRA because of his race and national origin (white, non-Hispanic).

5. Defendant, City of Miami Beach ("the City"), is a Florida municipal corporation. It is, and at all times material was, an "employer" as envisioned by Title VII, the ADEA and the FCRA.

**Satisfaction of conditions precedent**

6. Plaintiff, on or about October 13, 2020, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law was deemed dual filed with the Florida Commission on Human Relations and sufficient to invoke his rights and remedies under the FCRA.

7. On April 30, 2021, the EEOC issued Officer Beeker a Dismissal and Notice of Rights, indicating that it will not proceed further with its investigation.

8. More than 180 days elapsed from the filing of the Charge of Discrimination without the Florida Commission on Human Relations either conciliating the charge or making a no-cause finding against plaintiff.

9. All other conditions precedent to bringing this action, if any, have been satisfied, have been waived or would have been futile.

**General Allegations**

10. William Beeker is a career-law enforcement officer, having worked as a law enforcement officer for approximately 26 year.

11. During June 2008, Officer Beeker, started to work for the City of Miami Beach as a police officer, a position for which he was qualified.

12. Officer Beeker received favorable ratings while working as a City of Miami Beach police officer, as evidenced by his performance evaluations and commendations.

13. On or about October 4, 2019, while on duty, Officer Beeker drove his department-issued all-terrain vehicle ("ATV") after other officers told him that he needed to see what was going on in front of the City of Miami Beach's Police Department ("MBPD").

14. When Officer Beeker arrived on the scene, he saw people he did not know, including a man filming three scantily-clad women for a purpose unknown to him.

15. People often took photographs or videos in the area.

16. Officer Beeker did not know any of the people. But, as part his standard practice and training, he approached them to determine if a supervisor needed to respond.

17. No arrests were made and Officer Beeker departed the scene, leaving the women and photographer in the area.

18. A few days later, on October 7, an internal affairs sergeant informed Officer Beeker October 7 that he would be suspended because of a video that had been posted on Instagram (a social media application used to share photographs and videos) about his response to the scene involving the scantily-clad women on October 4.

19. Unbeknownst to Officer Beeker, the City's subsequently-issued internal affairs report indicated that videos of "skits" (which Beeker neither participated in creating or posting, nor authorized) had been posted on Instagram and "several news media outlets" [linked to the Instagram pages

of the three women who appeared in the videos] concerning the situation he encountered on October 4.

20. The IA report alleged the following about a "skit" the individuals on the scene had "rehearsed" "for approximately 19 minutes prior to Officer Beeker arriving":

> The first video recorded skit depicted Officer Beeker participating in the skit by following three handcuffed adult females to the entrance of MBPD. The females did not enter MBPD and the video ended. Officer Beeker then continued to walk into the lobby of MBPD. The second video recorded skit showed Officer Beeker on his ATV while surrounded by the three females. The females said to Officer Beeker "Thank you, Officer Bill, for letting us go". Officer Beeker was heard on the video responding "No problem, enjoy the community. I like to protect and serve. Have a good day ladies". There was a third video recorded skit seen on *Instagram* which captured the three handcuffed women in the back seat of a non-police vehicle. In the video, on the women said, "you can arrest us, but you can't keep us from having fun." Officer Beeker did not appear in the video recorded skit in which the women were in the vehicle.

21. On October 9, 2019, the City relieved Officer Beeker of duty while internal affairs conducted the investigation the City had initiated against him alleging conduct unbecoming, and violation of the social media and performance of duties policies, the effect of which—although Officer continued to receive his regular pay—was to prevent Officer Beeker from working overtime or accepting details until the City finished its investigation and finalized his discipline months later.

22. On February 18, 2020, the City notified Officer Beeker of a proposal to suspend him for 160 hours based on violations alleged in the internal affairs report regarding the videos.

23. On August 19, 2020, the City provided Officer Beeker with a "Final Action to Discipline" regarding his suspension for violating its rules regarding "conduct becoming of an employee," and "willful participation" on two Instagram videos, referencing an interview on TMZ (a tabloid entertainment website) of two women depicted on the video stating that Officer Beeker were "helping" them and "wanted to be a part" of the video.

24. Officer Beeker was thus subjected to a 10-month suspension with pay, during which he was not allowed work either the overtime hours or off-duty details that contributed substantially to his income, and then another 160 hours without pay.

25. The City's public information officer meanwhile had posted on the internet photographs of younger, black and Hispanic officers in the company of scantily clad women, which the City claimed was to give the impression that the City's police department engages in community-based policing and is friendly towards beach-goers.

26. The City took no adverse action against the younger, black and Hispanic officers who participated in similar conduct, and in fact used it to promote the image of the Miami Beach Police Department.

27. The disparate treatment that Officer Beeker received is similar to what at least two other over-50 police officers have experienced for alleged misconduct.

28. The conduct of defendant and its agents discriminated against Officer Beeker with respect to compensation, terms, conditions, or privileges of employment.

## Count I:
## Age Discrimination in Violation of the ADEA

29. Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(a), 5-7, and 9-28.

30. The ADEA provides, in pertinent part, at § 623(a):

It shall be unlawful for an employer —

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age ....

31. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his age, and, thus, constituted age discrimination as proscribed by the ADEA.

32. Defendant's actions, as more particularly alleged above, constituted violations of the ADEA, which were done willfully and with knowing or reckless disregard of the ADEA's proscriptions.

33. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has lost wages and benefits in the past and will suffer additional losses in the future.

34. Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

35. Plaintiff is entitled to recover attorney's fees and litigation expenses under 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, William Beeker, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against age discrimination under the ADEA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the ADEA and to make plaintiff whole through instatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including liquidated damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees, and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

## Count II:
## Race Discrimination in Violation of the Title VII

36. Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(b), 5-7, and 9-28.

37. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ...; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race ....

38. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his race, and, thus, constituted race discrimination as proscribed by the Title VII.

39. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

41. Plaintiff is entitled to recover attorney's fees and litigation expenses under 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, William Beeker, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against race discrimination under Title VII;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make plaintiff whole through instatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

## Count III:
## National Origin Discrimination in Violation of the Title VII

42. Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(b), 5-7, and 9-28.

43. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin; or

  (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... national origin.

 44. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his national origin, and, thus, constituted national origin discrimination as proscribed by the Title VII.

 45. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

 46. The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

 47. Plaintiff is entitled to recover attorney's fees and litigation expenses under 42 U.S.C. § 2000e-5(k).

 WHEREFORE, plaintiff, William Beeker, prays that this Court will:

 ***One***, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against national origin discrimination under Title VII;

 ***Two***, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

***Three***, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make plaintiff whole through instatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

***Four***, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

***Five***, grant plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

***Six***, grant plaintiff such other and further relief as the circumstances and law provide.

## Count IV:
## Age Discrimination in Violation of the FCRA

48.   Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(a), 5, 6, and 8-28.

49.   Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... age ...;

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's ... age ....

50. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his age, and, thus, constituted age discrimination as proscribed by the FCRA.

51. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

53. Plaintiff is entitled to recover attorney's fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, plaintiff, William Beeker, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against age discrimination under the FCRA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the FCRA and to make plaintiff whole through instatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant plaintiff his costs and reasonable attorney's fees pursuant to § 760.11(5), Fla. Stat., and

*Six*, grant plaintiff such other and further relief as the circumstances and law provide.

## Count V:
## Race Discrimination in Violation of the FCRA

54. Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(b), 5, 6, and 8-28.

55. Section 760.10(1), Fla. Stat., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race ...;

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race ....

56. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his race, and, thus, constituted race discrimination as proscribed by the FCRA.

57. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

59. Plaintiff is entitled to recover attorney's fees and litigation expenses under § 760.11(5), Fla. Stat.

WHEREFORE, plaintiff, William Beeker, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against race discrimination under the FCRA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the FCRA and to make plaintiff whole through reinstatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees pursuant to § 760.11(5), Fla. Stat., and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

## Count VI:
## National Origin Discrimination in Violation of the FCRA

60. Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-3, 4(b), 5, 6, and 8-28.

61. Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin ...;

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's ... national origin ....

62. The adverse actions taken by defendant, through its agents and employees, against Officer Beeker were taken because of his national origin, and, thus, constituted national origin discrimination as proscribed by the FCRA.

63. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

65. Plaintiff is entitled to recover attorney's fees and litigation expenses under § 760.11(5), Fla. Stat.

WHEREFORE, plaintiff, William Beeker, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against national origin discrimination under the FCRA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the FCRA and to make plaintiff whole through instatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees pursuant to § 760.11(5), Fla. Stat., and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

THE AMLONG FIRM
500 N.E.  Fourth St., Suite 101
Fort Lauderdale, Florida 33301
(954) 462-1983
EService@TheAmlongFirm.com


 /s/  *Karen Coolman Amlong*
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
***Attorneys for Plaintiff,***
     ***William K. Beeker***

\\amlong3\cpshare\CPWin\HISTORY\210524_0001\180E.1F